**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NANCY ENGLAR and CAROL DIEHL,

       Plaintiffs,                               CASE NO. 04-CV-73977

-vs-                                                 PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

41B DISTRICT COURT, et al.,

       Defendants.

AND

PATRICIA BARACHKOV,

       Plaintiff,                                 CASE NO. 04-CV-73957

-vs-                                                 PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

41B DISTRICT COURT, et al.,

       Defendants.

_____/

## **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs' October 17, 2006 Motion for Reconsideration of the Court's September 22, 2006 Order Granting Summary Judgment to Defendants. (Docket No. 73). On October 17, 2006, the Court ordered that Defendants respond to Plaintiffs' motion. (Docket No. 74). Defendants filed their Response on October 30, 2006. (Docket No. 75). Plaintiffs filed a Reply to Defendants' Response on November 3, 2006. (Docket No. 76).

For the reasons that follow, the Court DENIES Plaintiffs' Motion for Reconsideration.

1

## I. BACKGROUND FACTS

The relevant facts in this case are recounted in the Court's September 22, 2006 Order. *Englar v. 41B District Court*, No. 04-73977, 2006 WL 2726986 (E.D. Mich. Sept. 22, 2006).

## II. ANALYSIS

### A. Standard of Review

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

### B. Plaintiffs' Arguments

In their motion, Plaintiffs claim the following errors:

(1) Misapplication of the *Monell* "custom and policy" analysis to Defendant Judge Davis as a "final decision maker" in her official capacity;

(2) Error in finding that Plaintiffs' evidence of "just cause" employment was insufficient as a matter of law; and

(3) Making inappropriate credibility determinations and weighing of the evidence in finding that Defendant Judge Davis was entitled to qualified immunity in her individual capacity.

#### 1. Official Capacity Suits under § 1983

Plaintiffs argue that the Court committed clear error when it determined that Plaintiffs' case should be dismissed because they failed to show the "policy or custom" requirements of *Monell v. Department of Social Services*, 436 U.S. 648 (1978). Plaintiffs claim that since Defendant Judge Davis had "final authority" with regard to termination of court employees, her actions in fact did represent official government policy.

Contrary to Plaintiffs' arguments, the Court did find that Plaintiffs could maintain a suit

2

against Defendant Judge Davis in her official capacity insofar as they sought prospective injunctive relief under *Ex Parte Young*. 209 U.S. 123, 155-156 (1908). The Court further recognized that several circuits have held that relief requesting reinstatement of employment is a permissible type of prospective injunctive relief against state officials in their official capacity. Since the Court found in its order that, viewing the evidence in the light most favorable to the non-moving party, Plaintiffs could not establish a Due Process claim or a First Amendment retaliation claim, the Court finds no defect on this issue.

        2.        Just Cause Employment

Plaintiffs argue that the Court committed clear error when it found as a matter of law that Plaintiffs did not put forth sufficient evidence that they were "just cause" rather than "at will" employees of 41B District Court. Plaintiffs reiterate several arguments, all of which were discussed at length by the Court in its Opinion. In essence, Plaintiffs contend that Judge Cannon's testimony, Clinton Township's progressive disciplinary policies, Administrative Order 1998-5, and Plaintiffs' testimony create a reasonable expectation of just cause employment.

The Court found that this evidence, taken individually and as a whole, was insufficient as a matter of law to create a legitimate expectation of just cause employment.

Plaintiffs cite *Langeland v. Bronson*, 178 Mich. App. 612 (1989), *Murphy v. Birchtree Dental, P.C.*, 964 F. Supp. 245 (E.D. Mich. 1997), and *Horton v. 48th District Court*, 446 F. Supp. 2d 756 (E.D. Mich. 2006), for the proposition that where an employer establishes termination procedures and has failed to retain expressly the right to terminate employment at will, the existence of a just cause contract is a question of fact for the jury. All three cases found that a plaintiff created a genuine issue of fact of just cause employment where the employer had established mandatory disciplinary procedures without a specifically retaining the right to

terminate the employee at will.

However, this is not the situation presented in the instant case. As explained by the Court in its Order, Plaintiffs have provided insufficient evidence to show that 41B District Court adopted the Clinton Township Disciplinary Policy, a policy that was the result of a collective bargaining agreement on behalf of the municipal employees of Clinton Township. Plaintiffs admitted that the express terms of that policy did not apply to them, since they were neither civil service employees nor union members. Plaintiffs additionally acknowledged that there were no specific employment policies ever officially adopted by 41B District Court. Judge Cannon also testified that in the decade or so since he had "adopted some parts" of the policy while "disregarding others," he never actually used the policy to discipline or to terminate an employee of 41B District Court. The Court also found that, viewing the evidence in the light most favorable to the non-moving party, Plaintiffs' testimony was insufficient to show a genuine issue of material fact on this issue. For those reasons and those stated in the Order, the Court finds no defect on this issue.

### 3. Qualified Immunity & Improper Factual Determinations

Plaintiffs argue that the Court engaged in improper credibility determinations and weighing of the evidence in finding that Defendant Judge Linda Davis was entitled to qualified immunity on the § 1983 claims. In particular, Plaintiffs claim that the Court ignored "substantial and compelling" evidence that the Plaintiffs' termination from employment at 41B District Court was "politically motivated." The Court did consider all of Plaintiffs' evidence. Aside from Judge Cannon's testimony, there is absolutely no evidence to support Plaintiffs' theory that the terminations recommended by the SCAO to Judge Linda Davis were some kind of political maneuver to force Judge Cannon to retire. The Court did not find Judge Cannon's testimony on

this issue sufficient to show the existence a genuine issue of material fact. Judge Cannon merely stated that the merger of the courts would benefit Judge Davis politically but could not offer any connection between his opinion and the termination of Plaintiffs in this case. Judge Cannon further testified that two individuals – Tony Silvestro and Sam Augustino -- approached him surrounding the termination of his wife, the Court Administrator, and informed him essentially that if the Judge retired it would all go away. (Dep. Cannon, p. 187). Judge Cannon admitted that he did not know upon upon what authority Silvestro was relying. (Dep. Cannon, p. 187-88). There is no connection of Silvestro's comments to Judge Davis. Judge Cannon also testified that Augustino told him that the Judge should retire "because these girls need their jobs." (Dep. Cannon, p. 192). There is also no link between that statement and any possible political motivation by Judge Davis. Therefore, the Court does not find any defect on this issue.

Finally, the Court thoroughly explained its reasons why Defendant Judge Davis in her personal capacity is entitled to qualified immunity under the Sixth Circuit's reasoning in *Gossman v. Allen*, 950 F.2d 338 (6th Cir. 1991). It is Plaintiffs' burden to overcome a qualified immunity defense. *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir.2005). As in *Gossman*, the Court concluded that given the discrepancy in what Plaintiffs stated to the SCAO investigator during their interviews and what they testified to in their depositions, a reasonable official could have believed that Plaintiffs made false statements knowingly or recklessly in response to questions posed. Additionally, *Gossman* held that inquiry is not whether the plaintiffs actually made false statements knowingly or recklessly, but whether a reasonable official could believe they had done so. *Gossman*, 950 F.2d at 342; *see Bryant v. Harris*, 985 F.2d 559, 1993 WL 22440, * 4-5 (6th Cir. 1993) (table opinion). There is undisputed evidence that since thirty-one (31) out of thirty-four (34) employees told a consistent story about the situation at 41B District

5

Court, the SCAO investigator concluded that Plaintiffs were not being forthcoming about either the Court Administrator's attendance or the fact that court employees were performing personal services for Judge Cannon. Under *Gossman*, whether or not Plaintiffs actually made false statements, the SCAO investigator could have reasonably concluded that they did. Additionally, in its Order, the Court outlined the discrepancies between what Plaintiffs told the SCAO investigator at interviews and to what they testified at their depositions. *See Gossman*, 950 F.2d at 342-43. Furthermore, Plaintiffs do not make any coherent argument why Defendant Judge Davis could not rely upon the information supplied to her by the SCAO investigator in terminating Plaintiffs. Therefore, the Court does not find any defect on this issue.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

**SO ORDERED.**

s/Paul D. Borman
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

Dated: November 13, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 13, 2006.

s/Denise Goodine
Case Manager