UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, *et al.*,

        Plaintiffs,

vs.                                            Case No. 04-CV-73957, 04-CV-73977
                                                Paul D. Borman
                                                United States District Judge

CHIEF JUDGE LINDA DAVIS, *of the
41B District Court, individually and in her
official capacity*,
                         Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT CHIEF JUDGE LINDA DAVIS'
MOTION FOR REHEARING/RECONSIDERATION (DKT. NO. 88)**

        This matter is before the Court on Defendant Chief Judge Linda Davis' Motion for Rehearing/Reconsideration of this Court's April 14, 2011 Order allowing Plaintiffs to (1) raise claims against Defendant in her personal capacity, and (2) seek prospective injunctive relief against Defendant or her successor in her official capacity. (Dkt. No. 84). For the reasons that follow, the Court DENIES Defendant's Motion for Rehearing/Reconsideration.

**I. BACKGROUND**

        On April 14, 2011, this Court issued an Order in response to issues raised by Defendant at a December 21, 2010 status conference regarding the significant Sixth Circuit decision in *Pucci v. 19th District Court*, 628 F.3d 752 (6th Cir. 2010). The Court requested, and the parties filed supplemental briefing. (Dkt. Nos. 123, 124, 125).[1] On April 14, 2011, the Court issued an Order allowing Plaintiffs to (1) raise claims against Chief Judge Linda Davis in her personal capacity, and

---

[1] This briefing was entered on the Docket in Case No. 04-73977. On April 18, 2011, the Court ordered all pleadings to be entered on the Docket of the consolidated Case No. 04-73957.

(2) seek prospective injunctive relief against Chief Judge Linda Davis or her successor in her official capacity. (Dkt. No. 84). Defendant Davis now moves the Court to reconsider this Order, asserting that the Court's decision is based on palpable defect because it improperly applied the Rule 56 summary judgment standard to Defendant's qualified immunity defense, and because it disregarded portions of the record in its "law of the case" analysis.

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

## III. ANALYSIS

**A. Qualified Immunity**

Defendant argues that the Court addressed whether a constitutional violation has occurred for purposes of qualified immunity, but erred by not addressing whether Plaintiffs' constitutional right was "clearly established." *See Pearson v. Callahan*, 555 U.S. 223, 123 S.Ct. 808, 815-16 (2009).

The Court's analysis of Defendant's qualified immunity defense comports with the relevant

2

Sixth Circuit precedent presented in *Pucci*, *supra*. Specifically, this Court held, as did the Sixth Circuit in *Pucci*, that if the trier of fact finds that Plaintiffs had a property interest in their employment, their right to at least some pretermination process was clearly established. *See Pucci*, 628 F.3d 767. Defendant has failed to demonstrate a palpable defect by which the Court and the parties have been misled.

**B. Law of the Case**

Defendant next argues that the Court improperly disregarded the factual record establishing that Defendant Chief Judge Davis reasonably relied upon the investigative results by the State Court Administrative Office ("SCAO").

The Court discussed the "law of the case" doctrine and the related "mandate rule," as well as the relevant history of the instant case, in the April 14, 2011 Order. (*See* Order at 7-10). Ultimately, the Court concluded that whether Defendant reasonably relied on the SCAO investigation was a question of fact. Defendant has failed to show that the Court or the parties were misled by a palpable defect in this analysis.

### IV.  CONCLUSION

Accordingly, the Court **DENIES** Defendant Chief Judge Linda Davis' Motion for Rehearing/Reconsideration. (Dkt. No. 88).

**SO ORDERED.**

                                                  S/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 9, 2011.

S/Denise Goodine

Case Manager