UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY ENGLAR, et al.,

        Plaintiffs,

vs.

CHIEF JUDGE LINDA DAVIS
*of the 41B District Court, individually and in
her official capacity.*

        Defendant.
_____/

Civil Action No.
04-CV-73977, 04-CV-73957

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**ORDER DENYING DEFENDANT'S
MOTION FOR STAY PENDING APPEAL (Dkt. No. 96)**

    This matter is before the Court on Defendant's Motion for Stay Pending Appeal, filed on June 15, 2011. (Dkt. No. 96.) Plaintiffs filed a Response on June 20, 2011. (Dkt. No. 98.) A hearing was held on June 23, 2011. For the reasons stated below, the Court denies the instant Motion; the case will proceed to trial on December 15, 2011.

## I. PROCEDURAL HISTORY

    This case was originally filed in 2004 against Defendants 41B District Court, the Charter Township of Clinton, and Chief Judge Linda Davis. On September 22, 2006, the Court granted Defendants' Motion for Summary Judgment. (Dkt. No. 71.) Plaintiffs filed an appeal, and the Sixth Circuit reversed this Court's grant of summary judgment to Defendants. *Barachkov v. 41B Dist. Court*, 311 Fed. Appx. 863 (6th Cir. 2009).

    The Sixth Circuit specifically found a question of fact regarding whether Plaintiffs were

1

"at will" or "just cause" employees.  The Sixth Circuit opinion stated as follows:

> Thus, there exists a direct conflict in the evidence regarding the exact contours of the termination policy – if any existed – employed by Judge Cannon, and whether such a policy was ever communicated to, and understood by, all of his employees.  This is a genuine issue of material fact which requires further development of the record and cannot be properly resolved on summary judgment.  As such, the district court erred in dismissing Appellants' procedural due process claims.

*Id.* at 872.

In 2010, the Sixth Circuit issued a significant decision regarding sovereign immunity, *Pucci v. Nineteenth District Court*, 628 F.3d 752 (6th Cir. 2010).  After *Pucci*, on December 21, 2010, the Court held a status conference regarding the possible dismissal of Defendants 41B District Court and the Charter Township of Clinton based on sovereign immunity.  At this status conference, counsel for Defendant Linda Davis argued that the claims against her were also barred by qualified immunity. (Dec. 21, 2010 Hr'g Tr. 9-21) (Dkt. No. 86.)

The Court requested additional briefing on the arguments raised by defense counsel.  On April 14, 2011, the Court issued an Order finding that Plaintiffs can (1) raise claims against Defendant Davis in her personal capacity, and (2) seek prospective injunctive relief against Defendant Davis or her successor in her official capacity. (Dkt. No. 84.)  Defendant filed a Motion for Reconsideration (Dkt. No. 88), which the Court denied on May 9, 2011 (Dkt. No. 89).

Defendant has now filed an interlocutory appeal of the Court's April 14, 2011 Order and May 9, 2011 denial to reconsider, based on the qualified immunity exception.

## II. ANALYSIS

The Supreme Court has recognized that an immediate interlocutory appeal is available based on a district court's denial of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, the denial is only appealable "to the extent that it turns on an issue of law . . . ." *Id.* "[I]n order for such an interlocutory appeal based on qualified immunity to lie, the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998). In other words, "[o]nly if the undisputed facts or the evidence viewed in the light most favorable to the plaintiff fail to establish a *prima facie* violation of clear constitutional law may we decide that the defendant is entitled to qualified immunity on an interlocutory appeal." *Id.* at 563.

Because a defendant's right to an interlocutory appeal is not absolute, the Sixth Circuit has found that "an interlocutory appeal under *Forsyth* brings with it a concomitant responsibility on the part of the defendant to exercise 'a reasonable modicum of diligence in the exercise of that right.'" *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 (6th Cir. 1986), *cert. denied sub nom. Hanton v. Kennedy*, 479 U.S. 1103 (1987)). The Sixth Circuit has also found that a district court may find a defendant's *Forsyth* appeal to be frivolous. *Id.* This is because "*Forsyth* appeals can be employed for the sole purpose of delaying trial." *Id.* at 448.

However, the Sixth Circuit has also cautioned that "[it] often cannot adequately assess [its] jurisdiction to hear interlocutory appeals on qualified immunity until the appeal is fully briefed and argued." *Berryman*, 150 F.3d at 564; *see also Grawey v. Drury*, Nos. 07-2584, 08-

1064 (6th Cir. Mar. 19, 2008) (unpublished order). This is because, despite the district court's ruling, the Sixth Circuit "can consider whether 'the undisputed facts or the evidence viewed in the light most favorable to the plaintiff fail to establish a *prima facie* violation of clear constitutional law.'" *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005) (citing *Berryman*, 150 F.3d at 563). The Sixth Circuit's jurisdiction in a *Forsyth* appeal thus depends largely on the arguments presented by the appellant, *see Berryman, supra*, although it seems appellate court jurisdiction may also exist if the Sixth Circuit's own review alerted it to a legal issue that was separable from the facts.

Despite this cautionary language, the Sixth Circuit has noted the following with regard to dilatory *Forsyth* appeals: "Where it clearly appears . . . that the defendant is unnecessarily protracting the litigation, the court should consider imposing double costs and attorney's fees as a deterrent." *Berryman*, 150 F.3d at 565.

### III. DISCUSSION

#### A. Defendant Asserted Qualified Immunity in Prior Appeal

The Court first notes that Defendant's qualified immunity argument was before the Sixth Circuit in the prior appeal in this case. Defendant's Motion for Summary Judgment, which the Sixth Circuit reviewed *de novo*, *Barachkov*, 311 Fed. Appx. at 866, addressed qualified immunity on pages 24-25. (Dkt. No. 38.) Defendant also thoroughly argued qualified immunity regarding the due process claim in her appellate brief. (Final Brief of Defendant-Appellee Judge Davis in Her Individual Capacity at 20-41, *Barachkov v. 41B District Court*, 311 Fed. Appx. 863 (2009) (No. 06-2512) 2007 WL 3671491).

Defendant is thus repeating an argument that she has already asserted in the prior appeal

4

in this case. Although the Sixth Circuit did not explicitly reject Defendant's qualified immunity argument, it nevertheless remanded this case without a finding that, despite the existence of a question of fact, Defendant is entitled to qualified immunity. After the Sixth Circuit's decision, Defendant did not petition for a rehearing en banc regarding her entitlement to qualified immunity. However, Defendant is now attempting to make the argument on a subsequent interlocutory appeal.

It therefore appears that Defendant's argument was fully briefed and argued in the first appeal, and has been subsequently waived by Defendant's failure to request a rehearing after the order to remand to this Court. Accordingly, the Court finds Defendant's interlocutory appeal is without merit. The Court also finds that, taking the facts in the light most favorable to the non-moving party, Defendant is not entitled to qualified immunity.

**B. Defendant's Arguments**

Defendant's Motion merely states that she is entitled to a stay pending appeal without addressing whether her arguments are based on factual or legal issues. However, at oral argument, upon questioning by the Court, Defendant discussed the three grounds on which she believes appellate jurisdiction is warranted. Specifically, Defendant argued (1) that there is no longer an issue of fact regarding Plaintiff's employment based on the subsequent deposition testimony of Judge Cannon after the initial Sixth Circuit ruling, (2) that the Court misapplied the qualified immunity standard, and finally (3) that she is entitled to qualified immunity based on the "law of the case."

*1. Judge Cannon's Testimony at the Subsequent Continued-Deposition*

Defendant first argues that Judge Cannon's continued deposition, which occurred after

the Sixth Circuit decision in this case, negates the issue of fact as to Plaintiffs' employment status.

Judge Cannon's continued-deposition testimony conflicts with parts of his earlier testimony, regarding whether Plaintiffs were "at will" or "just cause" employees. Defendant argues that the totality of Judge Cannon's deposition is insufficient to create an issue of fact.

Defendant's first argument is thus based on the Court's denial of summary judgment regarding an issue of material fact, not a legal issue regarding qualified immunity. It presents, at best, "fact-intensive questions of qualified immunity," which cannot provide the basis for an interlocutory appeal. *Berryman*, 150 F.3d at 563 (citing *Johnson v. Jones*, 515 U.S. 304, 316-17 (1995)). Judge Cannon's prior testimony, which supports Plaintiffs' allegation that they were "just cause" employees, and on which the Sixth Circuit based its previous order to remand, is still part of the record. Defendant cannot therefore show that she is entitled to qualified immunity while conceding "an interpretation of the facts in the light most favorable to the plaintiff's case." *Berryman*, 150 F.3d at 563. Accordingly, the Court finds that Defendant's first argument does not constitute a proper basis for appellate jurisdiction at this time.

*2. Second Prong of the Qualified Immunity Analysis*

Defendant's second argument, as asserted by defense counsel at the hearing, is that the Court failed to analyze the second prong of the qualified immunity analysis. *See Silberstein v. City of Dayton*, 440 F.3d 306, 316 (6th Cir. 2006). Under *Silberstein*, qualified immunity could apply even if Plaintiffs were just cause employees, as long as "a reasonable person would not know that he or she was violating [their] rights" by firing them without cause. *Id*. Defendant argues that, based on the precautions she took in verifying Plaintiffs' at will status before

terminating them, she meets this "reasonable person" standard.

Defendant asserts that this Court has never opined as to the second prong of the qualified immunity analysis, regarding the reasonableness of Defendant's actions. However, the Court's qualified immunity analysis is in line with the recent Sixth Circuit precedent in *Pucci*, which stated in pertinent part as follows:

> Because the facts read in the light most favorable to Pucci permit the inference that she had a protected property interest in continued employment and received no process before dismissal, Pucci's due process claim survives the first prong of the qualified immunity analysis.
>
> > If a constitutional violation can be found, the second prong of a qualified immunity analysis examines "whether the right was clearly established" at the time of the deprivation. . . . Obviously, if Pucci is ultimately found to have a property interest in her employment, her right to at least some pretermination process was clearly established. Since she received no process, Somers is not entitled to qualified immunity.

*Pucci*, 628 F.3d at 766-67 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

The Court adopted the Sixth Circuit's reasoning as follows:

> Because the Sixth Circuit [in *Barachkov*, 311 Fed. Appx. at 872] found a question of fact existed as to the due process claim, Plaintiffs may have had a property interest in their employment when they were terminated without process. As in *Pucci*, Plaintiffs' constitutional rights would have been clearly established, and Defendant Chief Judge Davis would not have been entitled to qualified immunity. Thus, if there is a question of fact as to Plaintiffs' due process claim, as there was in *Pucci*, then Defendant Chief Judge Davis is not entitled to qualified immunity and is subject to suit in her personal capacity.

(April 14, 2011 Opinion and Order at 4.)

The Court also notes that Defendant cited *Silberstein* on page 20 of her Brief in the first

appeal in this case. (Final Brief of Defendant-Appellee Judge Davis in Her Individual Capacity at 20, *Barachkov v. 41B District Court*, 311 Fed. Appx. 863 (2009) (No. 06-2512) 2007 WL 3671491). At pages 49-52 of her Brief, Defendant specifically argued that she was entitled to qualified immunity because, under the second prong of the analysis, she acted reasonably. (*Id*. at 49-52.)

It is thus abundantly clear that Defendant has already argued qualified immunity on appeal. The Sixth Circuit remanded the case, subjecting Defendant to further discovery and implicitly denying her claim to qualified immunity. The Court finds that Defendant's second attempt to argue this issue on appeal is without merit.

*C. The Law of the Case*

Defendant argues that, under the law of the case doctrine, this Court's previous decision that Defendant is entitled to qualified immunity is still in effect, even though the Court's order was reversed in part and remanded by the Sixth Circuit.

The Court addressed this argument in its April 14, 2011 Order. *See* Opinion and Order at 7-10. Rather than restate that analysis here, the Court notes that by ordering a remand "for further development of the record" in this case, the Sixth Circuit was implicitly reversing this Court's grant of qualified immunity. *Barachkov*, 311 Fed. Appx. at 872. *See Forsyth*, 472 U.S. at 529 (1985) (noting that qualified immunity protects government officials even from "such pretrial matters as discovery . . ."). Accordingly, the Court finds that this argument is without merit.

**D. Authority to Proceed to Trial**

The Sixth Circuit "determine[s] its own jurisdiction and is bound to do so in every

8


instance." *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). However, in the case of interlocutory appeals based on a denial of qualified immunity, the Sixth Circuit has recognized the district courts' authority "to certify an appeal as frivolous and begin the trial . . . ." *Yates*, 941 F.2d at 448 (citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)). *See also Krycinski v. Packowski*, 556 F. Supp. 2d 740, 741 (W.D. Mich. 2008) (noting that "a district court has discretion to retain jurisdiction over the federal claims and proceed to trial on them by making a finding of waiver or frivolousness with respect to the interlocutory appeal.")

This case was originally filed almost seven years ago. The parties have already appeared before the Sixth Circuit once, and Defendant asserted her qualified immunity argument at that time. While it did not directly address Defendant's qualified immunity argument, the Sixth Circuit did order a remand to this Court. This Court has followed the Sixth Circuit order and permitted further discovery, in particular, of Judge Cannon. That discovery does not resolve the factual issues in favor of Defendant. That is for the jury.

The Court also notes that the Notice of Appeal in this case was filed on June 7, 2011 (Dkt. No. 92), just 16 days before the Final Pretrial Conference, which the Court held on June 23, 2011. *See Yates*, 941 F.2d at 449 (finding that "the presentation of a qualified immunity defense on the eve of trial, five years after the initial filing, must be examined critically.").

The Court finds that Defendant has had opportunities to assert her qualified immunity defense not only to this Court, but also to the Sixth Circuit. The argument has been addressed – explicitly by this Court and implicitly by the Sixth Circuit's order to remand – and the case is now ripe for trial. Accordingly, the Court will deny Defendant's Motion to Stay and proceed with a trial beginning December 15, 2011, pursuant to the Amended Scheduling Order. (Dkt.

No. 100.)

## IV. CONCLUSION

For the reasons stated above, the Court will:

1. **DENY** Defendant's Motion to Stay, and

2. Proceed to trial as set forth in the Amended Scheduling Order.

**SO ORDERED**.

Dated: 7-15-11
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE