UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY ENGLAR, et al.,

        Plaintiffs,                Civil Action No.
                                          04-CV-73977, 04-CV-73957

vs.

                                          PAUL D. BORMAN
CHIEF JUDGE LINDA DAVIS        UNITED STATES DISTRICT JUDGE
*of the 41B District Court, individually and in
her official capacity, et al.*

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Dkt. No. 126)**

      On November 30, 2011, the Court held a hearing in which it granted Defendant Linda Davis's motion in limine to exclude testimony of various physicians and medical workers pertaining to the health of a witness, Judge William Cannon. On December 14, 2011, Plaintiffs filed a Motion for Reconsideration arguing, *inter alia*, that the Court's ruling contained a palpable error that would effect the outcome of this case because: (1) Plaintiffs are now prevented from presenting evidence of Judge Cannon's mental incapacity, which is relevant for the jury's credibility determination; (2) Judge Cannon's testimony regarding his own mental limitations is unreliable, and (3) Plaintiffs are severely prejudiced "if this Court continues to support [Defendant's] gamesmanship[.]" (Pls.' Mot. 8.) The Court finds that the instant Motion is frivolous and fails to demonstrate any palpable defect.

1

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

The Court first notes that Plaintiffs are not prevented from presenting evidence of Judge Cannon's health. It is contained in Judge Cannon's 2010 deposition. Indeed, in the excerpt of the deposition that Plaintiffs attached to the instant Motion, Judge Cannon testifies regarding his recent medical history:

> Q  And did you have some kind of episode that created this problem that you're currently --
>
> A  Yeah.  I got into a procedure of falling down and on May 5 of -- what is this, 2001, are we in 2001 right now?
>
> Q  We're in 2010, sir.
>
> A  Oh, 2010, oh, well.  I think it was 2009 I fell in my garage from the top of the flight of the stairs.  It's only about four stairs but I hit my head severely on the cement floor and I bled profusely.  I had to be taken to the hospital as a result of that episode twice.
>
> ( . . . . )
>
> Q  Okay.  Can you tell me what currently your physical problems are?
>
> A  Well, I have severe headaches and memory loss and slipping and sliding in and out of normalcy.

(Pls.' Mot., Ex. D, Cannon Dep. 209-10.)  The Court has previously determined this deposition

admissible.

The Court also notes that it has previously ruled that Judge Cannon was competent to testify at his 2010 deposition, and that his occasional lapses did not render him an incompetent witness. (Dec. 3, 2010 Opinion and Order at 17-20.) Plaintiffs fail to demonstrate any palpable defect with the Court's prior orders.

Finally, the Court previously addressed Plaintiffs' "gamesmanship" argument against Defendants in its October 29, 2009 Opinion and Order. (Dkt. No. 98, Case No. 04-73977.) The Court described that same argument Plaintiffs advance in the instant Motion as "disingenuous at best and frivolous at worst." (*Id*. at 9.) Plaintiffs' counsel provides nothing better in this motion. Plaintiffs' instant motion advancing this argument is frivolous and vexatious. *See* 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

Accordingly, the Court will **DENY** Plaintiffs' Motion for Reconsideration.

**SO ORDERED**.

 S/Paul D Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 16, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner for Denise Goodine
Case Manager and Deputy Clerk
(313) 234-5522