UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, *et al.*,

        Plaintiffs,

                                            Case No. 04-CV-73957, 04-CV-73977

vs.                                                Paul D. Borman
                                                United States District Judge

CHIEF JUDGE SEBASTIAN LUCIDO *of the*
*41B District Court, in his official capacity*,

        Defendant.
_____/

OPINION AND ORDER:
(1) REOPENING THIS ACTION;
(2) GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO SUBSTITUTE CHIEF JUDGE SEBASTIAN LUCIDO AS
PROPER PARTY IN INTEREST (ECF NO. 231);
(3) ORDERING THE CLERK TO CHANGE THE CAPTION IN THIS ACTION
TO REFLECT THIS SUBSTITUTION;
(4) STRIKING DEFENDANT JUDGE LINDA DAVIS' RESPONSE AND
SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION FOR REINSTATEMENT FROM
THE DOCKET; AND
(5) PROVIDING CHIEF JUDGE SEBASTIAN LUCIDO THREE WEEKS TO RESPOND TO
PLAINTIFFS' MOTION FOR REINSTATEMENT (ECF NO. 225)

       Now before the Court is Plaintiffs Patricia Barachkov, Nancy Englar, and Carol Diehl's ("Plaintiffs") Motion to Substitute Proper Party in Interest (Case no. 04-73957, ECF No. 231). Defendant prior Chief Judge Linda Davis ("Judge Davis") responded to this motion through her attorney Timothy Ferrand who represents her in her individual capacity. (Case no. 04-73957, ECF No. 238). Plaintiffs thereafter filed a reply. (Case No. 04-73957, ECF No. 240).

       A hearing on this motion as well as Plaintiffs' pending Motion for Reinstatement (ECF No. 225) was held on March 24, 2015.

## I. BACKGROUND

Since the procedural posture of this 2004 case is best summarized within the Sixth Circuit's two opinions discussing the past proceedings, the Court relies heavily upon them.

In July 2004, Defendant Judge Davis acting as Chief Judge of Michigan's 41B District Court in Clinton Township, Michigan, fired the Plaintiffs from their positions with the 41B District Court. Plaintiffs filed the now consolidated actions in response to their terminations against Defendant Judge Davis in her individual and official capacities, as well as 41B District Court, and the Township of Clinton. Plaintiffs actions were brought pursuant to 28 U.S.C. § 1983 alleging the terminations violated their procedural due process rights under the Fourteenth Amendment because they were not afforded notice or a pre-termination hearing, and also constituted retaliatory First Amendment violations. Plaintiffs also asserted numerous state law claims. In 2006, this Court granted Defendants' motions for summary judgment on all of Defendants' federal claims, and declined pendant jurisdiction over the Plaintiffs' state law claims. (Case no. 04-73957, ECF No. 64)[1].

On appeal the Sixth Circuit reversed this Court's grant of summary judgment on Plaintiffs' Fourteenth Amendment due process claims but affirmed the dismissal of Plaintiffs' First Amendment Retaliation claims. *Barachkov v. Davis*, 311 F. App'x 863, 870-72 (6th Cir. 2009) ("*Barachkov I*"). Additionally, the Sixth Circuit reversed this Court's dismissal of

---

[1] These cases were consolidated on March 31, 2006. (Case no. 04-73957, ECF No. 62). However, it was not until April 28, 2011 that the Court ordered all pleadings to be entered on the docket of consolidated case no. 04-73957. Prior to this order some of the briefing appears on both dockets and some appears only on one or the other. To avoid confusion, the Court will reference the case number along with the docket number when citing to the docket in this action.

Plaintiffs' "claims for prospective injunctive relief – e.g., injunction against further retaliation and reinstatement–against Judge Davis [in her official capacity]". *Id*. at 872.

On remand, and in light of the intervening Sixth Circuit decision in *Pucci v. 19th District Court*, 628 F.3d 752 (6th Cir. 2010), this Court dismissed Defendants 41B District Court and the Charter Township of Clinton on December 22, 2010, because those defendants were entitled to sovereign immunity pursuant to the Eleventh Amendment. (Case no. 04-73957, ECF No. 83, Order Dismissing Defendants 41B District Court and Charter Township of Clinton).

> Thereafter,
>
> the district court held that Davis was not entitled to qualified immunity because there was a fact question as to whether the Employees could be terminated only for just cause. The case proceeded to trial. Davis moved for judgement as a matter of law, which the district court denied. Davis then requested a jury instruction on qualified immunity, which the district court denied, stating that Davis would be free to raise the issue post-verdict. The jury found in favor of the Employees and returned a verdict awarding compensatory and punitive damages in the amount of $2,277,688. Davis filed a renewed motion for judgment as a matter of law, a motion for a new trial, and a motion to amend the judgment regarding damages, all of which the district court denied. Davis timely appealed. The Employees conditionally cross-appealed in the event the jury verdict is disturbed.

*Barachkov v. Davis*, 580 F. App'x 288, 293 (6th Cir. 2014) ("*Barachkov II*"). On this second appeal, the Sixth Circuit held that there was sufficient evidence adduced at trial that a "reasonable juror could conclude that the Employees had a legitimate expectation of just-cause employment." *Id*. at 296. The Sixth Circuit then went on to find that Defendant Judge Davis was entitled to qualified immunity because she was not "objectively unreasonable, based on the circumstances confronting her, in concluding that the Employees served at will." *Id*. at 297. The Sixth Circuit also denied Plaintiffs' conditional cross appeal, holding that Defendant 41B District Court did not waive its Eleventh Amendment sovereign immunity. *Id*. at 299-300. In

closing, the Sixth Circuit stated that:

> Although the district court correctly found that there was sufficient basis for the jury to conclude that the Employees were in fact just-cause employees, the award of damages cannot stand because the district court erred in determining that Davis was not entitled to qualified immunity. Accordingly, we vacate the award of damages. We remand to the district court to determine the Employees' entitlement to equitable relief. And we affirm the district court's judgment holding that 41B was entitled to sovereign immunity.

*Id*. at 300.

## II. ANALYSIS

As an initial and formal matter, the Court reopens this action in light of the Sixth Circuit's mandate that issued on November 24, 2014. (Case No. 04-73957, ECF No. 226). The Court next turns to Plaintiffs' Motion to Substitute. The Plaintiffs argue that the office of the chief judge of the 41B District Court is currently held by Judge Sebastian Lucido and he, rather than Defendant Judge Davis, is the proper party in interest in this action. Further, Plaintiffs argue that because the Sixth Circuit has found Defendant Judge Davis is entitled to qualified immunity in her individual capacity, she is no longer a proper party that has an interest in this action.[2]

The Federal Rule of Civil Procedure 25 sets forth, in relevant part:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. *The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded*. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

---

[2] Defendant Judge Davis does not appear to dispute that she is no longer a party to this action in her individual capacity.

FED. R. CIV. P. 25(d) (emphasis added).  Also pertinent to this Motion to Substitute is the fact that after the first appeal and subsequent remand, Plaintiffs had moved for "Entry of Order Substituting Current Chief Judge" in March 2011.  (Case No. 04-73977, ECF No. 129).  Defendant Judge Davis opposed the substitution at that time claiming that the Court had "yet to determine if Plaintiff may maintain a cause of action against the Chief Judge in his or her official capacity."  (Case No. 04-73977, ECF No. 133 at 1).

On April 14, 2011, this Court issued an Order regarding issues raised by Defendant Judge Davis at a December 21, 2010 status conference regarding the Sixth Circuit decision in *Pucci v. 19th District Court*, 628 F.3d 752 (6th Cir. 2010), and also addressed the Plaintiffs' motion to substitute.  (*See* Case no. 04-73957, ECF No. 84).  In its April 14, 2011 Order, the Court found per the Sixth Circuit's remand, that the claims against Defendant Judge Davis in her personal capacity could continue.  This Court also rejected Defendant Judge Davis' argument that the claims against her in her official capacity were an attempt to circumvent sovereign immunity because the relief sought (*i.e.* prospective injunctive relief and an injunction against further retaliation) was not barred by the Eleventh Amendment.  (*Id*. at 4-6).  Finally, this Court found that while its previous reasoning regarding whether "a reasonable official could have concluded the Plaintiffs knowingly or recklessly made false statements" was "technically still intact, the 'letter and spirit' of the Sixth Circuit's opinion is cause for the Court to reconsider its Order."  (*Id.* at 8; quoting ECF No. 64 at 19-20).  Accordingly, in the April 14, 2011 Order, this Court concluded that the Plaintiffs could: "(1) Raise claims against Chief Judge Linda Davis in her personal capacity; and (2) Seek prospective injunctive relief against Chief Judge Linda Davis or her successor in her official capacity."  (Case no. 04-73957, ECF No. 84 at 10).  The Court also

explicitly recognized in that Order that Rule 25(d) provided that "a successor is automatically substituted as a party when a public official ceases to hold office while the action is pending." (*Id.*, at 10 n. 2).

While Defendant Judge Davis accurately notes in her Response that this Court previously ordered that the Plaintiffs could proceed against Defendant Judge Davis for monetary relief in her personal capacity and "for prospective injunctive relief against Judge Davis <u>or her successor</u> in her official capacity", Defendant Judge Davis, as represented by her attorney in her individual capacity, continues to oppose the substitution. (*See* Case no. 04-73957, ECF No. 238, at 4) (emphasis added). Additionally, the Court notes that Defendant Judge Davis failed to address or distinguish Fed. R. Civ. P. 25(d) in her current response (and also failed to mention that relevant Rule in her previous briefing opposing a substitution of parties in March 2011). Rather, Defendant Judge Davis argues that the Court cannot substitute the current chief judge for Judge Davis in her official capacity because Plaintiffs abandoned their equitable remedies and chose to proceed against Defendant Judge Davis in her personal capacity only.

This argument is the exact argument Defendant Judge Davis sets forth in her opposition to Plaintiffs' pending Motion for Reinstatement (Case no. 04-73957, ECF No. 225). However, this argument, does not address the issue of whether Chief Judge Lucido is the proper party in interest in this action when there is no question that: (1) the Court ruled three years ago (upon Plaintiffs' motion) that Plaintiffs' official claims against Defendant Judge Davis or her successor for prospective relief could go forward (*see* case no. 04-73957, ECF No. 84); (2) Rule 25(d) provides that such a substitution is automatic, and (3) there is no dispute that Chief Judge Lucido is the current chief judge of the 41B District Court. Finally, Rule 25(d) indicates that "[l]ater

6

proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." Thus, Rule 25(d) clearly anticipates a situation such as the one here present here where an apparent oversight has resulted in the caption of the case not setting forth the corrected name, and the Rule instructs that such a "misnomer" should be disregarded.

Defendant Judge Davis argues briefly in her response that "Judge Lucido was never a party to the underlying litigation. Plaintiffs never pursued a claim against Judge Lucido and Judge Lucido was provided no opportunity to defend or appeal." Defendant Judge Davis appears to be arguing that Chief Judge Lucido will be prejudiced if he is formally substituted as a party in this action at this time. First, the Court notes that this argument is undeveloped and not well unsupported in Defendant Judge Davis' response. Further, in analogous circumstances, the Sixth Circuit has found that a post trial substitution of defendants in their official capacity, as successors of the originally named defendants pursuant to Rule 25(d), was proper because such a substitution did not offend the Eleventh Amendment so long as the relief sought against those substituted defendants in their official capacity was prospective relief (not monetary or retrospective). *See Williams v. Commonwealth of Ky.*, 124 F.3d 201, *13 (6th Cir. 1997) (unpublished) (affirming post trial substitution of defendants in their official capacity and rejecting the defendants argument on appeal that such substitutions offended the Eleventh Amendment jurisdictional bar against claims against the State) (relying on *Edelman v. Jordan*, 415 U.S. 651, 669-70 (1974) and *Ex Parte Young*, 209 U.S. 123 (1908)). Similarly, in this action the claims against Defendant Judge Davis in her official capacity are claims for prospective

injunctive relief that have survived based on the doctrine of *Ex Parte Young* and the named defendant in her official capacity no longer holds the relevant office. *See Barachkov I*, at 872 (allowing the claims to proceed against Defendant Judge Davis in her official capacity and relying, *inter alia*, upon *Ex Parte Young*). And finally, per this Order, Defendant Chief Judge Sebastian Lucido is being provided an opportunity to defend this case.

Second, it is unclear if Defendant Judge Davis is in a position to argue that *Judge Lucido* (not her) would suffer prejudice. Moreover, as to the issue of prejudice, it is undisputed that Defendant Judge Davis *in her official capacity* had separate counsel at all times during this action and therefore the "office or chair" of the Chief Judge of 41B District Court was always separately and fully represented at every stage of this litigation by Peter Peacock. (*See* Case no. 04-73957, ECF No. 240, Pls.' Reply, Exs. A, C). Indeed, Defendant Judge Davis in her official capacity continues to be separately represented. At the very least, the Court finds the any argument of prejudice to ring hollow in light of this Court's 2011 Order allowing Plaintiffs' prospective injunctive relief claims to proceed against Defendant Judge Davis *or her successor* in their official capacity and this Court's recognition at that time that such a substitution happened "automatically". The 2011 Order was clear notice that Plaintiffs' claims for prospective injunctive relief would be continuing against the "chair" or "office" of the chief judge of the 41B District Court. Plaintiffs also explicitly preserved their claims for prospective injunctive relief in the Joint Final Pretrial Order. (*See* Case no. 04-73957, ECF No. 91 at 18, "Note that Plaintiffs also seek exemplary damages, punitive damages[], interest, costs and attorney fees, and an order reinstating Plaintiffs, enjoining further acts in violation of the Constitution, and whatever other equitable relief appears appropriate. Their damages include all

those alleged in the operative complaint.").

Given these facts, and for the reasons stated on the record during the hearing on this issue, the Court will grant in part Plaintiffs' motion to substitute the proper party in interest, Chief Judge Sebastian Lucido of the 41B District Court in his official capacity in the place of Chief Judge Linda Davis in her official capacity. To reiterate, this substitution is in accord with the earlier April 11, 2011 Order of this Court and also supported by the "automatic" substitution contemplated by Fed. R. Civ. P. 25(d), and the undisputed fact that Defendant Judge Linda Davis is no longer Chief Judge of the 41B District Court. Moreover, on this record there is no legitimate claim of prejudice to any party. The Court will, however, deny that part of Plaintiffs' motion to substitute to the extent that it seeks sanctions. The Court finds that the record does not support sanctions against Defendant Judge Davis or her counsel.

The Court will also formally order that the caption in this matter be changed to reflect this Court's order that Chief Judge Sebastian Lucido in his official capacity is the proper party in interest. Further, the caption will also reflect the fact that in light of the Sixth Circuit's ruling in *Barachkov II*, Defendant Judge Davis in her individual capacity is no longer a party to this action. In the same vein, the Court finds that Defendant Judge Davis' Response and Supplemental Response to Plaintiffs' Motion for Reinstatement as filed by her attorney who represents her in her individual capacity are not properly before this Court because Defendant Judge Davis in her individual capacity is no longer a proper party in this action per the Sixth Circuit's decision in *Barachkov II*. Therefore, the Court will strike these briefs from the record.

Finally, the Court recognizes that the caption of this case has, until this moment, continued to be styled as proceeding only against "Chief Judge Linda Davis in her individual and

9

official capacity" and in light of any possible confusion that may have resulted from this caption, the Court will provide Chief Judge Sebastian Lucido in his official capacity three weeks to file a response to Plaintiffs' pending Motion for Reinstatement (Case no. 04-73957, ECF No. 225). If a response is filed, Plaintiffs are allowed fourteen (14) days to file a reply.

### III. CONCLUSION

For all these reasons, the Court:

(1) REOPENS this action in light of the November 2014 mandate issued by the Sixth Circuit;

(2) GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Substitute Proper Party in Interest (ECF No. 235) such that "Chief Judge Sebastian Lucido of the 41B District Court in his official capacity" is substituted for "Chief Judge Linda Davis of the 41B District Court in her official capacity", but denies Plaintiffs' request for sanctions;

(3) ORDERS that the Clerk change the caption of this action to reflect this substitution such that "Chief Judge Linda Davis in her individual capacity" is terminated as a party; and that "Chief Judge Sebastian Lucido of the 41B District Court in his official capacity" is substituted for "Chief Judge Linda Davis of the 41B District Court in her official capacity";

(4) STRIKES Defendant Judge Davis' Response (ECF No. 232) and supplemental response (ECF No. 241) to Plaintiffs' Motion for Reinstatement from the Docket; and

(5) PROVIDES Defendant Chief Judge Sebastian Lucido in his official capacity, with three (3) weeks from the date of this Order to file a Response to Plaintiffs' Motion to Reinstate, and if a Response is filed, provides Plaintiffs fourteen (14) days to file a reply.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2015.

                                          s/Deborah Tofil  
                                          Case Manager