UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, et al.,

        Plaintiffs,

Case No. 04-CV-73957, 04-CV-73977

vs.

Paul D. Borman
United States District Judge

CHIEF JUDGE SEBASTIAN LUCIDO of the
41B District Court, in his official capacity,

        Defendant.
_____/

OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR STAY OF
PROCEEDINGS (ECF NO. 253); (2) GRANTING IN PART DEFENDANT'S MOTION TO
EXTEND TIME (ECF NO. 255); AND (3) PROVIDING DEFENDANT THIRTY (30) DAYS
FROM THE DATE OF THIS ORDER TO COMPLY WITH THE SEPTEMBER 3, 2015
OPINION AND ORDER

On September 3, 2015, the Court granted Plaintiffs' Emergency Motion for Reinstatement and Other Declaratory Relief (ECF No. 225) and ordered that Defendant Chief Judge Sebastian Lucido ("Defendant"), acting in his official capacity, must develop a plan within 60 days to reinstate Plaintiffs to their comparable position of employment with the 41B District Court and conform Plaintiffs' personnel files to reflect the jury's verdict. (ECF No. 250, September 3, 2015 Opinion and Order, at *29). On September 30, 2015, Defendant filed a timely appeal from the September 3, 2015 Opinion and Order with the United States Court of Appeals for the Sixth Circuit. (ECF No. 251).

Then, on October 1, 2015, Defendant filed the instant Motion for Stay of Proceedings (ECF No. 253) requesting that this Court stay its September 3, 2015 Opinion and Order in light of the appeal. Plaintiffs filed their response on October 29, 2015 pursuant to a stipulated order

extending the time for a response. On October 22, 2015, Defendant also filed a "Motion to Extend Time to Take Steps in Accordance with the Court's September 3, 2015 Opinion and Order, Including Filing a Rehiring Plan" seeking an extension of sixty days from the date of an order resolving the Motion for Stay to comply with the September 3, 2015 Opinion and Order. (ECF No. 255). Plaintiffs filed a response to Defendant's motion to extend on November 2, 2015. (ECF No. 258).

## I. STANDARD OF REVIEW

Defendant moves for a stay of proceedings pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rules of Appellate Procedure 8. Federal Rule of Civil Procedure 62(c) allows a district court to issue a stay of an injunction pending an appeal. Pursuant to Federal Rules Appellate Procedure 8(a), a motion for stay pending an appeal must ordinarily be filed with the district court. In determining whether to grant a stay pending an appeal, the Court looks to the traditional factors governing injunctive relief:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County/Ohio Valley Sch. Board*, 310 F.3d 927, 928 (6th Cir. 2002) (per curiam) (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001)). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.

1991) (citations omitted). However, the movant must still "demonstrate more than the mere 'possibility' of success on the merits" and, at minimum, show "serious questions going to the merits." *Id*. (citation omitted).

Defendant's request to extent time is governed by Federal Rule of Civil Procedure 6, which allows a Court to extend a deadline for good cause. Fed. R. Civ. P. 6(b).

## II. ANALYSIS

A.  Motion for Stay of Proceedings

1.  Success on the Merits

Defendant argues that his appeal will present three substantial questions to Sixth Circuit all of which are "matters of first impression" or novel questions of law. First, Defendant argues there is a question of whether Plaintiffs waived their ability to seek equitable relief by first seeking a money judgment. However, this question does not have a substantial likelihood of success on the merits as set forth in this Court's September 3, 2015 Opinion and Order: there are a number of cases holding there is no waiver or an election of remedies in such circumstances. *See e.g., Burton v. Zwicker and Associates, PSC*, 978 F. Supp. 2d 759, 766-67 (E.D. Ky. 2013) (collecting authority), *aff'd* 577 Fed. App'x 555 (6th Cir. 2014); *Squires v. Bonser*, 54 F.3d 168, 176 (3d Cir. 1995); *EEOC v. Franks Nursery and Crafts, Inc*., 177 F.3d 448 (6th Cir. 1999) (explicitly recognizing the "demise" of the election of remedies doctrine).

Defendant also argues that whether "equitable relief is properly granted in favor of plaintiffs who indisputably lied during a State Court Administrator's Office investigation of a court" represents a second substantial and novel question of law. (Def.'s Mot. at 4). The Court finds that this issue is neither novel, nor is it likely of success on appeal. Indeed, this issue is not

3

relevant to this action because the jury held that there was not "just cause" to terminate Plaintiffs. This jury finding was not disturbed by the Sixth Circuit and the Defendant's attempt to re-litigate it does not present a novel or "substantial" question going to the merits of the case.

Finally, Defendant argues that it was improper "to use a jury verdict in a trial brought against a judge acting in her individual capacity as a basis to enjoin a judge acting in his official capacity". (Def.'s Mot. at 4). Defendant's argument ignores the fact that this case was tried against Defendant former Chief Judge Davis in her personal capacity *and* her official capacity. In fact, Defendant former Chief Judge Davis in her official capacity was represented by separate counsel throughout the proceedings. Further, the Sixth Circuit explicitly recognized in this action that an equitable remedy was available against an official sued in his or her official capacity. *Barachkov v. Davis*, 311 F. App'x 863, 870-72 (6th Cir. 2009) (Holding "[i]t is settled law that '[a] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (citation omitted)).

Accordingly, the Court finds there are no substantial, or novel, questions presented for appeal in this action.

2. Irreparable Harm to Defendant

Defendant posits irreparable harm would be suffered by Defendant or the 41B District Court if this Court were to deny the requested stay. At this stage after many years and two Sixth Circuit decisions in favor of the Plaintiffs, further harm to them is not warranted. Yes, there will be a disruptive effect on the 41B District Court, but that is far outweighed by the continuing harm to the Plaintiffs.

Defendant's argument that it will suffer unspecified "budgetary" consequences is of no moment.  The Sixth Circuit has held that "potential monetary damage does not constitute irreparable harm" because "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Baker*, 310 F.3d at 930 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).  Further, Defendant's argument that the 41B District Court would suffer harm because Plaintiffs are no longer qualified for their positions and innocent third-parties may be displaced are both situations attributable to the fact (as decided by the jury) that Plaintiffs were terminated from their positions without just cause in violation of their constitutional rights eleven years ago.  Defendant cannot now rely upon the circumstances that have resulted from Plaintiffs' wrongful termination to leverage a stay of the ordered equitable remedy.  Defendant should proceed with a good faith effort to train the Plaintiffs and provide them with relief.

For all these reasons, the Court finds that Defendant has not shown he or the 41B District Court will suffer an "irreparable harm" in comparison with the harm to the Plaintiffs if the stay is not granted.

3.     Substantial Injury to Other Interested Parties

Defendant argues that innocent third-parties might be displaced when the Plaintiffs are rehired, existing personnel will likely be impacted by the reorganization, and if the Sixth Circuit were to reverse this Court's decision, then the undoing of the reorganization would also be disruptive.  The Court does not find Defendant's argument persuasive.  Plaintiffs were terminated from their positions eleven years ago; they never found comparable employment and are financially vulnerable.  (ECF No. 245, Pls.' Supp. Br., Ex. B, Affidavits of Plaintiffs).

5

In contrast, Defendant has argued merely that it might possibly suffer a harm in the most generic of terms. Accordingly, the Court finds Defendant's *potential* harm is greatly outweighed by the substantiated and on-going harm to the Plaintiffs were this Court to stay its September 3, 2015 Opinion and Order.

    4.     Public Interest

Finally, Defendant argues that the public interest weighs in favor of granting a stay because the credibility of the 41B District Court will be undermined by the reinstatement of Plaintiffs because Plaintiffs are "indisputable" liars. (Def.'s Mot. at 5). This argument again discounts that a jury found Plaintiffs' constitutional rights were violated, and this finding was upheld by the Sixth Circuit. *See Barachkov v. Davis*, 580 F. App'x 288, 296 (6th Cir. 2014). Moreover, Defendant also ignores that a jury held that Plaintiffs were terminated without "just cause". (*See* Case No. 04-73957, ECF No. 151, Jury Instructions at *28, stating "In order to decide whether there was 'good or just cause' to terminate plaintiffs' employment, you must determine whether plaintiffs actually engaged in the conduct complained of by the defendant and whether the conduct was the actual reason for termination of plaintiffs' employment. If a plaintiff did not engage in the conduct, or if a plaintiff's conduct was not the actual reason for termination, then "good or just cause" did not exist.....").

Accordingly, Defendant's arguments are unpersuasive and fail to evidence any public interest that would be served by a stay in this action. Rather, as the Plaintiffs observe, the public interest is served by seeing constitutional harms remedied in an efficient manner. This case has lingered on for more than eleven years; a stay of the equitable remedy in this action would not be in the public interest.

5.     Balancing of Factors

Weighing the pertinent factors, as examined above, the Court finds that Defendant has not demonstrated "serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflected on others if a stay is granted." *Baker*, 310 F.3d at 928 (citing *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).  Therefore, the Court will deny Defendant's Motion for Stay of Proceedings.

B.    Motion to Extend Time

Also before the Court is Defendant's Motion to Extend Time.  Defendant notes in his motion that if the Court should deny Defendant's Motion for Stay of the Proceedings he may not have time to seek a stay from the Sixth Circuit.  In light of these considerations, Defendant requests that the Court extend the time allowed for him to take steps in accordance with its September 3, 2015 Opinion and Order until 60 days after the Court has ruled upon its pending Motion for Stay of Proceedings.

The Court finds that good cause exists under Federal Rule of Civil Procedure 6(b) to grant Defendant's Motion to Extend Time.  Defendant requests an extension of 60 days, however, the Court finds an extension of <u>30 days</u> is appropriate and equitable in these circumstances.

III. CONCLUSION

For all these reasons, the Court DENIES Defendant's Motion for Stay of Proceedings (ECF No. 253). The Court also GRANTS IN PART Defendant's Motion to Extend Time (ECF No. 255) and provides Defendant with THIRTY (30) DAYS from the Date of this Order to Comply with the Court's September 3, 2015 Opinion and Order.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: November 3, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2015.

                                                s/Deborah Tofil
                                                Case Manager