UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, et al.,

        Plaintiffs,

                                  Case No. 04-CV-73957, 04-CV-73977

vs.                                  Paul D. Borman
                                  United States District Judge

CHIEF JUDGE SEBASTIAN LUCIDO of the
41B District Court, in his official capacity,

        Defendant.
_____/

OPINION AND ORDER (1) ESTABLISHING PLAN FOR REINSTATEMENT OF PLAINTIFFS AS EMPLOYEES OF THE 41B DISTRICT COURT; (2) DENYING AS MOOT PLAINTIFFS' EMERGENCY MOTION FOR ORDER TO SHOW CAUSE (ECF NO. 267)

        Plaintiffs were terminated by 41B District Court Chief Judge Linda Davis in July 2004. On January 27, 2012, a federal court jury determined Defendant's termination violated Plaintiffs' federal constitutional rights. On August 28, 2014, the United States Court of Appeals for the Sixth Circuit upheld the jury verdict of unconstitutional termination, but held that qualified immunity required a reversal of the jury's monetary damages award of over $2 million dollars. Thus, Plaintiffs were entitled only to *in futuro* equitable relief, to wit reinstatement to their employment positions at the 41B District Court. For obvious reasons – that Plaintiffs have no claim for money damages for every day that they have not been reinstated – Plaintiffs have requested immediate reinstatement as 41B District employees.

On September 3, 2015, this Court issued an Opinion and Order granting Plaintiffs' Motion for Reinstatement. (ECF No. 250). The Court ordered Defendant Chief Judge Sebastian Lucido, in his official capacity, "to develop a plan within the next 60 days to reinstate Plaintiffs to their comparable position of employment with the 41B District Court and conform Plaintiffs' personnel files to reflect the jury's verdict." (ECF No. 250, at * 29).

On September 30, 2015, Defendant Chief Judge Lucido filed a timely appeal from the September 3, 2015 Opinion and Order with the United States Court of Appeals for the Sixth Circuit. (ECF No. 251). Defendant filed a Motion to Stay this Court's order of September 3rd, that was denied by this Court; this Court did, however, extend the deadline to comply with the September 3, 2015 Order for an additional thirty days – a total of 90 days. (ECF No. 261). On December 2, 2015, the Sixth Circuit denied Defendant Chief Judge Lucido's request to stay the reinstatement order pending appeal, concluding:

> The case was before the district court on remand from our decision in *Barachkov v. Davis*, 580 F. App'x 288, 300 (6th Cir. 2014), in which we directed the district court "to determine the Employees' entitlement to equitable relief." The district court found the plaintiffs were entitled to the equitable remedy of reinstatement. Lucido has not demonstrated a substantial likelihood of success on the merits of his challenge to that finding, and a balance of the equities weighs in favor of the plaintiffs.

(ECF No. 268, at * 3 (internal citations omitted)).

Now before the Court is Plaintiffs' "Emergency Motion to Place Plaintiffs on Payroll of 41B District Court" wherein Plaintiffs argue that Defendant's Plan of

2

Reinstatement is not a reasonable response to the Court's Order of Reinstatement.[1] (ECF No. 272). Defendant Chief Judge Sebastian Lucido filed a response and Plaintiffs then filed a reply. (ECF Nos. 277 & 278). A hearing on this matter was held on December 29, 2015. The Court files this brief opinion on December 30, 2015, since the Proposed Plan calls for the reinstatement of the first Plaintiff next week, on January 4, 2016, the second Plaintiff on March 7, 2016, and the third Plaintiff on May 2, 2016.

As noted *supra*, Plaintiffs requested immediate reinstatement of all three Plaintiffs on January 4, 2016. Defendant's Plan proffered a staggered return of the second and third Plaintiffs to enable the 41B District Court to allocate sufficient resources to retrain the three Plaintiffs who had been terminated as employees in 2004, and continue court functions. The Court finds reasonable Defendant's request for a staggered return of the three Plaintiffs, but finds unreasonable the two month delay of the second Plaintiff's reinstatement, and the four month delay of the third Plaintiff's reinstatement.

This Court concludes having read the briefs and having heard the two hours of argument, that both equity and law support the amendment of Defendant's Plan of Reinstatement: the two month period between dates of reinstatement present an

---

[1] On December 4, 2015, Plaintiffs filed an Emergency Motion for Order to Show Cause based on the fact that as of that date, "Plaintiff are not reinstated, and have been extended no details or information relative to reinstatement." (ECF No. 267). Defendant Chief Judge Lucido responded to that Motion on December 15, 2015, noting that the Court's September 3, 2015 Order (and subsequent extension) did not dictate that the Plaintiffs were to be reinstated by December 4, 2015, but only that a plan for reinstatement be completed by that time. (ECF No. 271). Defendants did notify the Court that its Plan for Reinstatement had been completed on December 4, 2015. (*See* ECF No. 277, Ex. A, PG ID 9365).

unreasonable delay with regard to the reinstatement of the second and third Plaintiffs.

Specifically, the Court orders (1) that per the Defendant's proposal, Plaintiff Patricia Barachkov is reinstated to her previous position effective January 4, 2016;[2] (2) Plaintiff Nancy Englar shall be reinstated one month later on February 1, 2016, to her previous position; and (3) Plaintiff Carol Diehl shall be reinstated one month after Plaintiff Englar, on March 7, 2016, to her previous position. Further, while Plaintiffs, in the face of the Court's denial of their request for immediate reinstatement and its approval of staggered reinstatement, requested a different order of Plaintiff reinstatement, this Court defers to Defendant's order of reinstatement sequencing of the three Plaintiffs, but in January, February and March, 2016.

The Court further orders that, if Plaintiffs find discovery necessary to carry out this Order, Defendant provide discovery on relevant reinstatement issues, *e.g*., the 41B District Court's collective bargaining agreement, benefits and pension information, and other relevant information including the total number of 41B District Court employees union and non-union, seniority status as full or part time, and their pay scales.[3]

---

[2] Plaintiff Barachkov represents that she was previously employed as a full-time employee and can substantiate this fact with W-2s and/or other evidence. Defendant's counsel also indicated that this fact may be borne out through information in her personnel file. Both parties concede that if it can be substantiated that Plaintiff Barachkov was a full-time employee when she was terminated, she will be reinstated as a Full-time employee rather than a Part-time employee as currently set forth in the Plan of Reinstatement. The parties indicated that this case be resolved by referring to trial evidence and exhibits, and Defendant's employee files.

[3] The Court finds that Plaintiff's earlier filed "Emergency Motion for Order to Show Cause" filed on December 4, 2015 is MOOT in light of Defendant's timely submitting a Plan of Reinstatement. (ECF No. 267).

Finally, as set forth on the record on December 29, 2015, the parties have stipulated that as of January 1, 2016 Defendant Chief Judge Sebastian Lucido will no longer serve as Chief Judge, because this suit is against the Defendant Chief Judge in his or her official capacity only, any pleading caption filed after January 1, 2016 reflect that the proper defendant is Chief Judge Carrie Fuca of the 41B District Court, in her official capacity.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 30, 2015.

s/Deborah Tofil
Case Manager

5