UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, et al.,

Plaintiffs,

Case No. 04-CV-73957, 04-CV-73977

vs.

Paul D. Borman
United States District Judge

CHIEF JUDGE CARRIE FUCA of the
41B District Court, in her official capacity,

Defendant.
_______________________________________/

OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR JUDGMENT AND ORDERING BRIEFING REGARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

Now before the Court is Plaintiffs Patricia Barachkov, Nancy Englar and Carol Diehl's "Motion for Entry of Judgment" that was filed on November 4, 2015. (ECF No. 262.) Former Defendant Chief Judge Sebastian Lucido, in his official capacity, filed his response on November 18, 2015. (ECF No. 263.) Thereafter, Plaintiffs filed a reply on December 9, 2015. (ECF No. 270.) Plaintiffs also filed a supplemental exhibit to their motion on April 4, 2016. (ECF No. 284.)

Pursuant to an agreement between the parties, and memorialized in this Court's December 30, 2015 Opinion and Order, Defendant Chief Judge Carrie Fuca, in her official capacity, was substituted as the proper party in interest in this matter effective January 1, 2016. (ECF No. 279.)

A hearing on this matter was held on Friday, April 1, 2016. For the reasons set forth below, the Court construes Plaintiffs' motion to be a motion for attorneys' fees, concludes that Plaintiffs are prevailing parties under 42 U.S.C. § 1988, and orders further briefing regarding the attorneys' fees.

I. Background Post-2014 Remand

The Court assumes the Parties' degree of familiarity with background of this almost twelve-year-old case and incorporates by reference the procedural history and background of this case as set forth in its previous opinions and orders.

After the Sixth Circuit's most recent remand in 2014, Plaintiffs filed a motion seeking equitable relief in the form of reinstatement. (ECF No. 225.) Plaintiffs also filed a motion to substitute the correct party in interest in light of the fact that then-Defendant Judge Linda Davis was no longer the Chief Judge of the 41B District Court. (ECF No. 231.) After a hearing, this Court: (1) granted Plaintiffs' motion to substitute the new Chief Judge on April 6, 2015; (2) struck Defendant Judge Davis's briefs regarding the motion to reinstate; and (3) ordered that the current Chief Judge of the 41B District Court, Sebastian Lucido, in his official capacity, be substituted as the proper party in interest in this action. (ECF No. 243.) Defendant Chief Judge Lucido was then afforded the opportunity to file a response to Plaintiffs' emergency motion for reinstatement.

On September 3, 2015, this Court issued an Opinion and Order granting Plaintiffs' Motion for Reinstatement. *Barachkov v. Lucido*, No. 04-CV-73957, 2015 WL 5168616 (E.D. Mich. Sept. 3, 2015) (available on the docket at ECF No. 250). In its September 3,

2015 Order this Court ordered Defendant Chief Judge Lucido, in his official capacity, "to develop a plan within the next 60 days to reinstate Plaintiffs to their comparable position of employment with the 41B District Court and conform Plaintiffs' personnel files to reflect the jury's verdict." *Lucido*, No. 04-CV-73957, 2015 WL 5168616 at *13.

On September 30, 2015, Defendant Chief Judge Lucido filed an appeal from the September 3, 2015 Opinion and Order with the United States Court of Appeals for the Sixth Circuit. (ECF No. 251.) Thereafter, Defendant Chief Judge Lucido filed a Motion to Stay Reinstatement that was denied by this Court. (ECF No. 261.) This Court did, however, extend the deadline to comply with the September 3, 2015 Order for thirty days. (*Id*.) On December 2, 2015, the Sixth Circuit denied Defendant Chief Judge Lucido's request to stay the reinstatement order pending appeal. (ECF No. 268.)

On December 4, 2015, Plaintiffs filed an Emergency Motion for Order to Show Cause based on the fact that as of that date, "Plaintiffs are not reinstated, and have been extended no details or information relative to reinstatement." (ECF No. 267.) Defendant Chief Judge Lucido responded to that Motion on December 15, 2015 noting the Court's September 3, 2015 Order (and later extension) did not dictate that the Plaintiffs were to be reinstated by December 4, 2015 but only that a plan for reinstatement be completed by that time. (ECF No. 271.)

On December 15, 2015, Plaintiffs filed an Emergency Motion seeking to be placed on the payroll for the 41B District Court while they awaited their staggered dates of reinstatement as set forth in the Plan for Reinstatement. (ECF No. 272.) On December

30, 2015, after a hearing, the Court issued an Opinion and Order that denied as moot Plaintiffs' earlier emergency motion for an order to show cause, and granted Plaintiffs' motion to place Plaintiffs on payroll of 41B District Court. (ECF No. 279.) This Court also recognized that Plaintiffs were entitled to certain discovery from Defendant Chief Judge Lucido regarding information relevant to their new positions. Further, the Opinion and Order memorialized the parties' agreement that Defendant new Chief Judge Carrie Fuca, in her official capacity, would be substituted as the correct party in interest effective on January 1, 2016. (*Id*.)

## II. STANDARD OF REVIEW

Now before the Court is Plaintiffs' Motion for Entry of Judgment pursuant to Federal Rule of Civil Procedure 54(b) and Rule 58(d). Federal Rule of Civil Procedure Rule 54(b) provides that:

> [w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). The rule is designed to "facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Gen. Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (1994) (citation omitted).

Courts are no longer required to enter a separate judgment disposing of a motion for attorney's fees under Rule 54. FED. R. CIV. P. 58(a)(3). However, Federal Rule of Civil Procedure 58(d) provides that a party "may request that judgment be set out in a

separate document as required by Rule 58(a)." FED. R. CIV. P. 58(d).

III. ANALYSIS

Plaintiffs move pursuant to Fed. R. Civ. P. 54(b) and 58(d) for entry of judgment based upon this Court's May 16, 2013 Opinion and Order that granted Plaintiffs' motion for attorneys' fees, costs and interest, amended the judgment to allow the apportionment of prejudgment and post-judgment interest, and granted then Defendant Chief Judge Davis' motion for approval of recognizance in lieu of appeal bond and to stay proceedings.[1] (ECF No. 212.) Plaintiffs also rely upon the bill of taxed costs entered by the Clerk of the Court on February 19, 2013, finding Plaintiffs were due the amount of $10,557.18. (ECF No. 201.) In short, Plaintiffs seek to have the Court enter a separate judgment that sets forth the amount of attorney fees and costs (taxable and non-taxable) that were previously awarded on May 16, 2013.

Plaintiffs argue that Defendant appealed the award of attorney fees to the Sixth Circuit but failed to make any argument regarding the award and therefore waived the issue on appeal. Indeed, despite Defendant's representations to this Court in the briefing, the Sixth Circuit did not reach the issue of the award of attorney fees and costs in its August 28, 2014 decision. *Barachkov v. Davis* (*Barachkov II*), 580 F. App'x 288 (6th Cir. 2014). Rather, the Sixth Circuit held: "we vacate the award of damages. We remand

---

[1] Although the May 16, 2013 Order stated that it amended the judgment to allow the apportionment of prejudgment and post-judgment interest, no amended judgment was issued by the Court. *See* FED. R. CIV. P. 58(a)(3)(a separate judgment is not required for an order disposing of a motion for attorney's fees under Rule 54).

to the district court to determine the Employees' entitlement to equitable relief."[2] *Bararchkov II*, 580 F. App'x at 300.

Defendant argues that she did not waive of the issue of attorney fees on appeal and that Plaintiffs' requested Entry of Judgment is "not appropriate" under Rule 54(b) because this Court has not yet determined whether Plaintiffs are a "prevailing party" under 42 U.S.C. § 1988 post-remand. A plaintiff is considered a "prevailing party" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("A typical formulation is that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'") In determining a reasonable attorney fee award, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the

[2] In its recitation of the procedural history, the Sixth Circuit did not make any reference to Defendant's appeal from the order granting attorney fees and costs, stating: "Davis appeals the denial of her motions for judgment as a matter of law, motion for a new trial, and motion to remit damages. For the following reasons, we hold that Davis is entitled to qualified immunity, vacate the award of damages against her, and remand for consideration of the Employees' entitlement to equitable relief." *Barachkov II*, 580 F. App'x at 290; *cf. Waldo v. Consumers Energy Co.*, 726 F.3d 802, 810, 827 (6th Cir. 2013) (framing the issue as "On appeal, Consumers contends that the district court erred by granting a new trial on Waldo's hostile-work-environment claim, denying Consumer's renewed motion for judgment as a matter of law after the second trial, and awarding Waldo excessive attorney fees and costs," then setting forth the standard of review relating to an appeal from attorney fees awarded pursuant to 42 U.S.C. § 1988 and examining the issue.)

litigation." *Hensley*, 461 U.S. at 435.

Defendant argues that at the time the Sixth Circuit remanded this action in 2014 Plaintiffs were not "prevailing parties" as contemplated by 42 U.S.C. § 1988. (Def.'s Br. at 11.) Defendant is correct. At the time of the 2014 remand, the Sixth Circuit affirmed this Court's denial of the motion for a new trial and the motion for a directed verdict and upheld the jury's finding that the Plaintiffs' constitutional rights were violated, however, no relief on that constitutional claim remained because all of the money damages against Defendant Chief Judge Davis in her official capacity were vacated. Further, in its remand, the Sixth Circuit merely instructed this Court to evaluate Plaintiffs' entitlement to equitable relief– it did not instruct this Court to order such relief.

The Court concludes that while Defendant did not litigate the issue of attorney's fees on appeal, Defendant has not waived the issue because the earlier entry of attorney's fees is assumed to be vacated upon the Sixth Circuit's remand of this action in 2014. "A new period for filing [a motion for fees] will automatically begin if a new judgment is entered following a reversal or remand by the appellate court." FED. R. CIV. P. 54, Advisory Committee Notes to Rule 54, 1993 Amendment, Subdivision (d) Paragraph (2).

In finding that Defendant has not waived the issue of pre-remand attorney fees, the Court equitably construes Plaintiffs' motion for entry of judgment to be a timely filed motion for attorney fees. *See* FED. R. CIV. P. 54, Advisory Committee Notes to Rule 54, 1993 Amendment, Subdivision (d) Paragraph (2) (stating that "[Rule 54] does not require that the motion be supported at the time of filing with the evidentiary material bearing on

the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case.") The time to file a motion for attorneys fees is "no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i); *see also* E.D. Mich. LR 54.1.2 (motion for attorney's fees must be filed no later than 28 days after entry of judgment). This Court, however, did not enter a separate judgment in conjunction with its September 3, 2015 Opinion and Order granting Plaintiff's motion for reinstatement. Yet, pursuant to Federal Rule of Civil Procedure 54, a judgment is defined as "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a); *see Slep-Tone Entertainment Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 316 (6th Cir. 2015). It is undisputed that Defendant timely appealed the September 3, 2015 Order to the Sixth Circuit.

When a separate judgment is required under the Rules, then a judgment is entered "when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." FED. R. CIV. P. 58(c)(2); *see also* Advisory Committee Notes to Rule 58, 2002 Amendment, at ¶ 4 ("[T]he motion time periods set by Rules 50, 52, 54, 59 and 60 begin to run after expiration of 150 days from entry of the judgment in the civil docket as required by Rule 79(a).") Accordingly, under the Federal Rules, Plaintiffs' current motion which seeks the imposition of attorney fees was not untimely when it was filed 63 days after the Court entered the September 3, 2015 Opinion and Order – it was filed before the time period began to run.

As discussed on the record, this Court concludes that Plaintiffs are the "prevailing parties" as to their constitutional claims pursuant to § 1988. It is undisputed that post-remand this Court awarded equitable relief to Plaintiffs by ordering Plaintiffs be reinstated to their previous positions at the 41B District Court. *See Blanchard v. Bergeron*, 489 U.S. 87, 95-96 (1989) ("Section 1988 makes no distinction between actions for damages and suits for equitable relief. Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages."); *see also, Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 763 (6th Cir. 2004) (upholding award of attorney fees despite the district court denying future damages and instating the plaintiff to an employment position with defendant). The legal relationship between the parties has clearly been modified by the award of equitable relief and Plaintiffs have succeeded on "a significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *See Hensley*, 461 U.S. at 433.

Finally, to the extent that Defendant argued that his November 30, 2011 offer of judgment under Rule 68 bars Plaintiffs' current demand for attorney fees in whole or part, the Court finds this argument unavailing. Defendant offered each Plaintiff $16,666.67 and included a requirement of "[d]ismissal of all claims including claims for prospective injunctive relief, injunctive relief, and return to work." (ECF No. 284, Ex. B.)

The Sixth Circuit has explained:

> Federal Rule of Civil Procedure 68 provides, in pertinent part, that "a party defending a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68. In a "§ 1983 action, Rule 68 costs include the plaintiff's own attorney fees; thus, when the Rule 68 offer is ultimately greater than the award, the plaintiff may not recover attorney fees from the defendant. *Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Mallory v. Eyrich*, 922 F.2d 1273, 1278 (6th Cir.1991). "'Operation of Rule 68 is mandatory,' and [t]he district court retains no discretion under Rule 68 to alter the rule's sometimes severe application." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir.1989).

*Sharpe v. Cureton*, 319 F.3d 259, 274 (6th Cir. 2003).

In evaluating a Rule 68 Offer, a court compares the award and the attorneys' fees and costs with the offer. Accordingly, Defendant's Rule 68 Offer of $16,666.67 per plaintiff, must be compared to the value of the Plaintiffs' on-going employment and any award of pre-offer attorney fees. *See Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) (holding that "Rule 68 requires the court to compare a settlement offer that includes 'costs then accrued' with the 'judgment that the [claimant] finally obtains." FED. R. CIV. P. 68....the 'judgment' used to make this apples-to-apples comparison includes not just the damages award, but also the claimant's pre-offer costs and fees actually awarded." (collecting authority)). While the amount of pre-award attorneys' fees is not yet fixed, the Court finds that Plaintiffs have improved their positions in light of the Offer of Judgment post-trial given that the Plaintiffs have now been employed with the 41B

District Court for seven, six, and five months respectively and have now earned more that what was offered under Rule 68.

In summary, the issue that remains before the Court is the determination of a reasonable attorneys' fee award. The Court agrees with Defendant that the issue of pre-remand attorneys' fees must be reexamined in light of the Sixth Circuit's 2014 decision. The Court further finds that the issue of post-remand attorneys fees must also be addressed for the sake of judicial efficiency, unless the parties stipulate to address that issue after the resolution of Defendant Chief Judge Fuca's appeal of the September 3, 2015 Opinion and Order.

## IV. CONCLUSION

For all these reasons and those explained on the record, the Court finds that Plaintiffs' Motion for Judgment is a timely Motion for Attorneys' Fees pursuant to Rule 54 and 42 U.S.C. § 1988. The Court also holds that Plaintiffs are the prevailing parties pursuant to 42 U.S.C. § 1988 based upon the award of equitable relief to Plaintiffs.

Finally, the Court ORDERS that Plaintiffs submit briefing, a bill of costs, and/or affidavits to support their entitlement to pre-remand and post-remand attorney fees and costs within thirty (30) days of this Order, Defendant shall then have twenty-one days to file a brief in response, and Plaintiffs shall then have fourteen (14) days to file a reply.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2016.

s/Deborah Tofil
Case Manager