UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BARACHKOV, et al.,

                Plaintiffs,

                                    Case No. 04-CV-73957, 04-CV-73977

vs.                                    Paul D. Borman
                                    United States District Judge

CHIEF JUDGE CARRIE FUCA of the
41B District Court, in her official capacity,

                Defendant.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR EQUITABLE AWARD OF SENIORITY (ECF NO. 280)

       Now before the Court is Plaintiffs Patricia Barachkov, Nancy Englar and Carol

Diehl's "Motion for Equitable Award of Seniority" that was filed on March 2, 2016.

(ECF No. 280.)  Defendant Chief Judge Carrie Fuca, in her official capacity, filed her

response on March 16, 2016.[1] (ECF No. 281.)  Plaintiffs did not file a reply.

       The Court finds that there is no need for oral argument and will decide the matter

based on the parties' briefs.  E.D. MICH. LR 7.1(f)(2).

---

[1] Pursuant to an agreement between the parties, and memorialized in the Court's
December 30, 2015 Opinion and Order, Defendant Chief Judge Carrie Fuca, in her
official capacity, was substituted as the proper party in interest in this matter effective
January 1, 2016.  (ECF No. 279.)

I. BACKGROUND

The Court is well aware of the background of this case and summarized its long procedural posture in the April 6, 2015 Opinion and Order reopening this action and granting in part Plaintiffs' Motion to Substitute Proper Party in Interest. *Barachkov v. Lucido*, No. 04-CV-73977, 2015 WL 1534487, at *1-2 (E.D. Mich. Apr. 6, 2015) (available on the docket at ECF No. 243). The Court therefore adopts and incorporates that history here. *Id.*

More recently, on September 3, 2015, this Court issued an Opinion and Order granting Plaintiffs' Motion for Reinstatement and ordered then Defendant Chief Judge Sebastian Lucido, in his official capacity, to "develop a plan within the next 60 days to reinstate Plaintiffs to their comparable position of employment with the 41B District Court and conform Plaintiffs' personnel files to reflect the jury's verdict." *Barachkov v. Lucido*, No. 04-CV-73957, 2015 WL 5168616, at *13 (E.D. Mich. Sept. 3, 2015) (available on the docket at ECF No. 250). Defendant appealed that decision to the United States Court of Appeals for the Sixth Circuit where it remains pending. (ECF No. 251, Notice of Appeal.)

On December 30, 2015, this Court issued an Opinion and Order that, *inter alia*, established a plan for the reinstatement of Plaintiffs as employees of the 41B District Court. (ECF No. 279.) The Court also ordered that "if Plaintiffs find discovery necessary to carry out this Order, Defendant provide discovery on relevant reinstatement

2

issues, *e.g.*, the 41B District Court's collective bargaining agreement, benefits and pension information, and other relevant information including the total number of 41B District Court employees union and non-union, seniority status as full or part time, and their pay scales." (*Id.*, at *4, footnote omitted.) All three Plaintiffs are now employed by the 41B District Court.

## II. ANALYSIS

Plaintiffs now move this Court to order Defendant to credit Plaintiffs with the eleven-and-a-half years of seniority that they would have accrued but for the termination of their employment in 2004. Plaintiffs do not move under a rule of civil procedure but seek relief "within the Court's equitable powers pursuant to the Sixth Circuit Court of Appeal's instruction to craft proper equitable relief for the Plaintiffs after they prevailed in their civil rights claim against Defendant." (ECF No. 280, at * 1.) Plaintiffs argue that "they are not being made whole in terms of their lost time" and note that the loss of seniority affects their pay, and rights under the union contract that dictate vacation time, preference for selecting time off, health benefits, the amount of a "longevity bonus," and possible promotions.

As an initial matter, the Court notes that contrary to Plaintiffs' assertion, the Sixth Circuit's 2014 remand did not instruct this Court to award an equitable remedy but merely ordered this Court to evaluate Plaintiffs' entitlement (if any) to equitable relief. *Barachkov v. Davis* (*Barachkov II*), 580 F. App'x 288, 296 (6th Cir. 2014). Further, and more significant, the Court notes that Plaintiffs' motion fails to address the looming

3

constitutional elephant in the room: the Eleventh Amendment.

The Eleventh Amendment prohibits lawsuits "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This Amendment has been extended to apply to suits by citizens against their own States. *Carten v. Kent State University*, 282 F.3d 391, 394 (6th Cir. 2002) (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001)). "It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citation omitted). Hence, the rule developed that a suit "by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* (citation omitted).

Pertinent to this action is an exception to Eleventh Amendment immunity known as the *Ex Parte Young* doctrine. *See Ex Parte Young*, 209 U.S. 123 (1908). The *Ex Parte Young* doctrine provides that "[t]he Eleventh Amendment does not bar a federal court from issuing an injunction ordering prospective relief against a state official in order to prevent future constitutional violations." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. at 159-60). Yet, such relief must not be granted if "'the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else.'" *Id.* (citation omitted). In short, "[w]hether a suit against state officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief." *Doe v. Wigginton,* 21

4

F.3d 733, 736 (6th Cir. 1994) (citing *Edelman*, 415 U.S. at 663).

The Sixth Circuit has explained the difference between retrospective and prospective relief: "Retrospective relief compensates the plaintiff for a past violation of his legal rights. This compensation usually [but not always] takes the form of money damages ... [i]n contrast, prospective relief merely compels the state officers' compliance with federal law in the future." *Wigginton*, 21 F.3d at 736-37 (citation omitted). Claims for reinstatement are recognized as "prospective in nature and appropriate subjects for *Ex Parte Young* actions." *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) (citation omitted); *Thomson v. Harmony*, 65 F.3d 1314, 1321 (6th Cir. 1995) (citations omitted); *see also Pucci v. 19th District Court*, 628 F.3d 752, 765 (6th Cir. 2010) (recognizing that a defendant judge was entitled to sovereign immunity in his official capacity with respect to damages and retrospective relief, but finding that "the sovereign-immunity doctrine does not bar Pucci's suit ... against him in his official capacity with respect to declaratory and injunctive relief." )

In the present case, Plaintiffs request that this Court order Defendant to credit them with more than eleven years of seniority to compensate them for the years of work they missed due to their termination in 2004. Plaintiffs seek to be made whole by this remedy. In *Dvorak*, a district court in this Circuit found that a plaintiff's claim for reinstatement to a tenured professor position that the plaintiff did not hold prior to termination was a request for a promotion. *Dvorak v. Wright State Univ.*, No. C-3-96-109, 1997 WL 1764779, * 11 (S.D. Ohio, Sept. 3, 1997). The *Dvorak* court concluded that the plaintiff's

requested relief was barred by the Eleventh Amendment because it was "compensatory in nature and would, at most, serve only indirectly to 'encourage compliance with federal law through deterrence,' instead of directly 'end[ing] the violation of federal law.'" *Id.* Similar to *Dvorak*, Plaintiffs' requested seniority relief in the present case constitutes a request for a promotion and/or placement to positions that the Plaintiffs did not have before their termination and accordingly such retrospective relief is barred by the Eleventh Amendment.

While Plaintiffs' requested relief for seniority is couched in terms of equity, the label of the relief is not determinative of its true nature. The Supreme Court has cautioned:

> We do not read Ex Parte Young or subsequent holdings of this Court to indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled "equitable" in nature. The Court's opinion in Ex parte Young hewed to no such line.

*Edelman*, 415 U.S. at 666; *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." (internal citation omitted.)). The Court cannot escape the necessary conclusion that the relief Plaintiffs seek is retrospective in nature and thus barred by the Eleventh Amendment.

6

In summary, Plaintiffs' motion fails to meaningfully address the Eleventh Amendment and its implications upon their request for relief, and Plaintiffs did not file a reply to dispute Defendant's arguments on the issue.  Further, none of the case law Plaintiffs cite in support of their request is analogous to the facts in this action – a suit against a state official sued in her official capacity under the *Ex Parte Young* doctrine.  To wit, in their brief in support of their motion, Plaintiffs rely upon *Schaefer v. Tannian*, 762 F. Supp. 716 (E.D. Mich. 1991), as an example of a court awarding "retroactive seniority" as part of a make whole remedy.  (ECF No. 280, at *6.)  *Tannian*, however, is distinguishable from the present case because it involved a class action claim of gender discrimination under Title VII and did not involve an award of relief against a state official in her official capacity under the *Ex Parte Young* doctrine.  Additionally, the *Tannian* court relied upon *Franks v Bowman Transp. Co.*, 424 U.S. 747 (1976), to find that seniority relief for "identifiable victims of illegal hiring discrimination is a form of relief generally appropriate under Title VII."  *Id.* at 719 (quoting Bowman, 424 U.S. at 766).  Plaintiffs have failed to cite any case where awarding seniority is appropriate relief in an *Ex Parte Young* action.  Moreover, the *Tannian* court tellingly referred to the remedy as "retroactive seniority" which accurately reflected the true nature of the remedy as backwards facing and compensatory.

Given all these facts, the Court finds that Plaintiffs' Motion for Equitable Award of Seniority requests relief that its retrospective and thus barred by the Eleventh Amendment.

III. CONCLUSION

For all these reasons, the Court DENIES Plaintiffs' Motion for Equitable Award of Seniority (ECF No. 280).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2016.


s/Deborah Tofil
Case Manager